UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

EUREKA DIVISION

| | |
|---|---|
| GILBERT HOWARD SCHOUX,<br><br>            Plaintiff,<br><br>   v.<br><br>CAROLYN W. COLVIN, ACTING COMMISSIONER OF SOCIAL SECURITY,<br><br>            Defendant. | Case No. 1:15-cv-01549 NJV<br><br>**ORDER RE MOTIONS FOR SUMMARY JUDGMENT**<br><br>Re: Dkt. No. 19, 23 |

Plaintiff Gilbert Howard Schoux seeks judicial review of an administrative law judge ("ALJ") decision denying his application for a period of disability, disability insurance benefits and supplemental security income payments under Titles II and XVI of the Social Security Act. AR 20-32. Plaintiff's request for review of the ALJ's unfavorable decision was denied by the Appeals Council. AR 1-6. The decision thus is the "final decision" of the Commissioner of Social Security, which this court may review. 42 U.S.C. §§ 405(g), 1383(c)(3). Both parties have consented to the jurisdiction of a magistrate judge. (Docs. 9 & 12.) The court therefore may decide the parties' motions for summary judgment. For the reasons stated below, the court will grant the motions for summary judgment in part and deny them in part.

**LEGAL STANDARDS**

The Commissioner's findings "as to any fact, if supported by substantial evidence, shall be conclusive." 42 U.S.C. § 405(g). A district court has a limited scope of review and can only set aside a denial of benefits if it is not supported by substantial evidence or if it is based on legal error. *Flaten v. Sec'y of Health & Human Servs.*, 44 F.3d 1453, 1457 (9th Cir. 1995). Substantial

1  evidence is "more than a mere scintilla but less than a preponderance; it is such relevant evidence
2  as a reasonable mind might accept as adequate to support a conclusion." *Sandgathe v. Chater*, 108
3  F.3d 978, 979 (9th Cir. 1997). "In determining whether the Commissioner's findings are
4  supported by substantial evidence," a district court must review the administrative record as a
5  whole, considering "both the evidence that supports and the evidence that detracts from the
6  Commissioner's conclusion." *Reddick v. Chater*, 157 F.3d 715, 720 (9th Cir. 1998). The
7  Commissioner's conclusion is upheld where evidence is susceptible to more than one rational
8  interpretation. *Burch v. Barnhart*, 400 F.3d 676, 679 (9th Cir. 2005).

9  A person filing a claim for social security disability benefits ("the claimant") must show
10 that he has the "inability to do any substantial gainful activity by reason of any medically
11 determinable physical or mental impairment" which has lasted or is expected to last for twelve or
12 more months. 20 C.F.R. §§ 416.920(a)(4)(ii), 416.909. The ALJ must consider all evidence in the
13 claimant's case record to determine disability. *Id*. § 416.920(a)(3)), and must use a five-step
14 sequential evaluation to determine whether the claimant is disabled. *Id*. § 416.920). "[T]he ALJ
15 has a special duty to fully and fairly develop the record and to assure that the claimant's interests
16 are considered." *Brown v. Heckler*, 713 F.2d 441, 443 (9th Cir. 1983).

17 Here, the ALJ evaluated Plaintiff's application for benefits under the required five-step
18 sequential evaluation. AR 22-28.

19 At Step One, the claimant bears the burden of showing he has not been engaged in
20 "substantial gainful activity" since the alleged date the claimant became disabled. 20 C.F.R.
21 § 416.920(b). If the claimant has worked and the work is found to be substantial gainful activity,
22 the claimant will be found not disabled. *Id*. The ALJ found that Plaintiff had not engaged in
23 substantial gainful activity since his alleged onset date of July 31, 2011. AR 22.

24 At Step Two, the claimant bears the burden of showing that he has a medically severe
25 impairment or combination of impairments. 20 C.F.R. § 416.920(a)(4)(ii), (c). "An impairment is
26 not severe if it is merely "a slight abnormality (or combination of slight abnormalities) that has no
27 more than a minimal effect on the ability to do basic work activities.'" *Webb v. Barnhart*, 433
28 F.3d 683, 686 (9th Cir. 2005) (quoting S.S.R. No. 96–3(p) (1996)). The ALJ found that Plaintiff

suffered the following severe impairments: thoracic spine degenerative disc disease, lumbar spine degenerative disc disease, cervical spine degenerative disc disease, mood disorder, mild degenerative changes of the left foot, and obesity. AR 22.

At Step Three, the ALJ compares the claimant's impairments to the impairments listed in appendix 1 to subpart P of part 404. 20 C.F.R. § 416.920(a)(4)(iii), (d). The claimant bears the burden of showing his impairments meet or equal an impairment in the listing. *Id*. If the claimant is successful, a disability is presumed and benefits are awarded. *Id*. If the claimant is unsuccessful, the ALJ assesses the claimant's residual functional capacity ("RFC") and proceeds to Step Four. *Id*. § 416.920(a)(4)(iv), (e). Here, the ALJ found that Plaintiff did not have an impairment or combination of impairments that met or medically equaled one of the listed impairments. AR 22. Next, the ALJ determined that Plaintiff retained the RFC to perform the demands of:

> sedentary work as defined in 20 CFR 404.1567(a) and 416.967(a) except that he can lift and/or carry 10 pounds occasionally and less than 10 pounds frequently, sit for six hours in an eight-hour workday, and stand and/or walk for two hours in an eight-hour workday; can occasionally climb, balance, stoop, kneel, crouch, and crawl; must avoid concentrated exposure to hazards; and is limited to simple, repetitive tasks.

AR 23.

At Step Four, the ALJ determined that Plaintiff was not capable of performing his past relevant work. AR 26. At Step Five, after considering the Plaintiff's age, education, work experience, and RFC, and after consulting with a vocational expert and applying the Medical-Vocational Rules, the ALJ determined that there are jobs that exist in significant numbers in the national economy that Plaintiff can perform. AR 27. Accordingly, the ALJ found that Plaintiff had "not been under a disability, as defined in the Social Security Act," through the relevant time period. AR 28.

## SUMMARY OF RELEVANT EVIDENCE

The ALJ called Kenneth Ferra to testify as a vocational expert. AR 61-66. Ferra classified Schoux's past relevant work as a warehouse manager requiring light exertion and the presence of skills. AR 62. Ferra described the work of a plumbing supervisor as medium and skilled. *Id*. The ALJ directed Ferra to assume a capacity to engage in the requirements of light exertion with

3

occasional postural activities, avoiding concentrated exposure to hazards, and limited to simple repetitive tasks. *Id*. Ferra stated that such a person could not perform Schoux's past work but could perform other work in the national economy. AR 63.

The ALJ changed the question to assume a capacity for sedentary exertion in both lifting/carrying and in standing/walking. AR 63. Ferra testified that such a person could work as an order clerk at DOT code 209.567-014 representing 200 jobs in California; nut sorter at DOT code 521.687-086 representing 700 jobs in California; and as an assembler at DOT code 734.687-018 representing 5,300 jobs in California. *Id*. Ferra stated that each occupation reflected approximately 10 times the number of jobs in the nation. *Id*.

## DISCUSSION

Occupations of Nut Sorter and Assembler

Plaintiff contends that there was a facial conflict between the testimony of the vocational expert and other sources of job data in regard to the occupations of nut sorter and assembler. Plaintiff cites the Occupational Outlook Handbook ("OOH") and County Business Patterns ("CBP"), noting that under the regulations, the Commissioner "will take administrative notice" of reliable job information from those sources, as well as from the Dictionary of Occupational Titles ("DOT"). Plaintiff argues that the information available from the OOH and CBP conflicted with the vocational expert's testimony regarding the availability of the relevant occupations in the national economy and that the court "should demand explanation" for this facial conflict.

Although Plaintiff argues that the regulations "bind" the agency to notice the CPB and OOH, the regulations simply identify the CPB and OOH as examples of materials the Commissioner may consider. *See* 20 C.F.R. § 404.1566(d)(2)&(5). The regulations nowhere indicate that either of these sources are definitive or controlling, and there is no evidence that the vocational expert or the ALJ consulted the CPB or OOH. *See Turner v. Colvin*, EDCV 14-1015 RNB, 2015 WL 1239624,*4 (C.D. Cal. Mar. 17, 2015) (rejecting identical argument regarding OOH); *Kennedy v. Colvin*, No. 13CV1632–WQH–KSC, 2014 WL 3695466, at *19-20 (S.D. Cal. July 22, 2014) (rejecting identical regarding CPB).

In this case the vocational expert testified to a specific representative DOT classification

4

for each of the three jobs he identified. AR 63–64. He testified that an individual with Plaintiff's vocational profile and RFC could perform the nutsorter and assembler positions, and that these positions existed in significant numbers in the national economy. AR 63. The ALJ expressly relied on the vocational expert's testimony, which itself constitutes substantial evidence supporting the ALJ's findings. *See Burch v. Barnhart*, 427 F.3d 1211, 1218 (9th Cir. 2005); *Johnson v. Shalala*, 60 F.3d 1428, 1435–36 (9th Cir.1995) (holding ALJ may take administrative notice of VE testimony addressing number of available jobs). As the Ninth Circuit explained, "[a] VE's recognized expertise provides the necessary foundation for his or her testimony" and, therefore, "no additional foundation is required." *Bayliss v. Barnhart*, 427 F.3d 1211, 1218 (9th Cir. 2005).

Because the vocational expert testified that the identified jobs were consistent with the DOT, Social Security Ruling 00–4p did not impose a duty upon the ALJ to seek any further explanation from the vocational expert regarding the identified jobs. Plaintiff has pointed to no authority indicating that an ALJ is required to inquire whether a vocational expert's testimony regarding job numbers is consistent with the County Business Patterns or any source other than the DOT. "An ALJ may take administrative notice of any reliable job information, including information provided by a VE. A VE's recognized expertise provides the necessary foundation for his or her testimony. Thus, no additional foundation is required." *Bayliss*, 427 F.3d at 1218 (citation omitted). The court therefore concludes that ALJ's job numbers finding is supported by substantial evidence and is free from legal error.

<u>The Occupation of Order Clerk</u>

Plaintiff contends that the ALJ committed legal error in finding the occupation of order clerk to be representative of Plaintiff's ability to engage in work activity. The ALJ limited Plaintiff's RFC to simple, repetitive tasks. AR 23. It is undisputed that the occupation of order clerk requires reasoning level 3. DICOT 209.567-014 (G.P.O.), 1991 WL 671794.

In *Zavalin v. Colvin*, 778 F.3d 842, 847 (9th Cir. 2015), the Ninth Circuit expressly found that a limitation to simple, repetitive tasks was inconsistent with a reasoning level of three. The court held, however, that reversal was not merited unless harm could be shown, and preceded

through a harmless error analysis. *Id*. at 847-48.

The court finds that, in light of Plaintiff's RFC limitation to simple, repetitive tasks, the ALJ erred in finding that Plaintiff could work as an order clerk. The court further finds, however, that this error was harmless in light of the ALJ's valid findings supported by substantial evidence that Plaintiff could perform the occupations of nut sorter and assembler.

Decision of the Department of Veterans Affairs

On July 27, 2015, nearly two years after the ALJ's September 6, 2013 decision, the Department of Veterans Affairs ("VA"), found Plaintiff entitled to "individual unemployability" effective November 21, 2012. Exh. 1 to Plaintiff's Motion for Summary Judgment. Plaintiff contends that this court should remand to the ALJ for consideration of this new evidence.

"Remand for consideration of new evidence is appropriate if a claimant presents evidence that is material to determining disability, and there is good cause for the failure to produce the evidence earlier." *Wainwright v. Sec'y of Health & Human Servs.*, 939 F.2d 680, 683 (9th Cir. 1991), citing 42 U.S.C. § 405(g) (1988). To meet the materiality standard, the "new or additional evidence offered must bear directly and substantially on the matter in dispute." *Ward v. Schweiker*, 686 F.2d 762, 764 (9th Cir. 1982).

The cases cited by Plaintiff are not directly factually analogous to the present case. *See McCartey v. Massanari*, 298 F.3d 1072 (9th Cir. 2002) (ALJ erred in failing to consider available evidence of VA disability rating); *Wainwright*, 939 F.2d 680 (district court abused its discretion in failing to remand for consideration of new evidence produced through medical technology available only after ALJ decision was issued). Neither party has cited a case in which a claimant sought remand for the consideration of new evidence in the form of a VA disability determination made after the ALJ's decision became final.

There is no question that Plaintiff had good cause for not presenting this new evidence earlier, because it was simply unavailable. The question is one of materiality. Here, the ALJ considered and rejected the prior VA disability rating of 40% given to Plaintiff. AR 25-26. *See McCartey,* 298 F.3d at 1076 ("[b]ecause the VA and SSA criteria for determining disability are not identical, however, the ALJ may give less weight to a VA disability rating if he gives

1   persuasive, specific, valid reasons for doing so that are supported by the record."). Plaintiff

2   presents no argument regarding the validity of those findings. The VA's 2015 disability

3   determination is based on the following:

> Entitlement to individual unemployability is granted because the claimant is unable to secure or follow a substantially gainful occupation as a result of service-connected disabilities.
> Based on the recent medical opinion from Dr. Timmons and updated opinion from Dr. Newkirk, combined with the addition of service connection for depression from November 21, 2012, it is reasonable to conclude that the Veteran is unable to secure gainful employment based on his service connected conditions from the date service connection was established for depression. As such, entitlement to individual unemployability is granted effective November 21, 2012.

Exhibit 1, p.2. In his applications to the Social Security Administration, Plaintiff alleged disability commencing July 31, 2011. AR 174, 178. Both applications are dated October 17, 2011. The ALJ's unfavorable decision of September 6, 2013, did not become final until the Appeals Council denied the request for review on December 10, 2015. Thus, it appears that the finding of the VA overlaps in time with the time period adjudicated by the Social Security Administration. The court acknowledges the reasoned analysis of Plaintiff's depressive disorder made by the ALJ. AR 26. It also notes that Plaintiff provides no explanation of how consideration of the VA's determination would change that analysis. However, in an abundance of caution, the court will remand this case to the ALJ for consideration of the VA's 2015 disability determination. *See McCartey,* 298 F.3d at 1076 (an ALJ must ordinarily give great weight to a VA determination of disability).

Based on the foregoing, IT IS HEREBY ORDERED as follows:

1) Plaintiff's Motion for Summary Judgment is DENIED as to his claims regarding the specific occupations found applicable to Plaintiff by the ALJ; and GRANTED as to the new evidence in the form of the VA disability determination;

2) Defendant's Motion for Summary Judge is GRANTED as to Plaintiff's claims regarding

1 the specific occupations found applicable to Plaintiff by the ALJ; and DENIED as to the
2 new evidence in the form of the VA disability determination;
3 3) This case is remanded to the ALJ for further proceedings consistent with this opinion.

5 **IT IS SO ORDERED**.
6 Dated: June 9, 2016

_____
NANDOR J. VADAS
United States Magistrate Judge